# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| DENNIS HOLM, <br><br>                    Plaintiff, <br><br> v. <br><br> EDISON VERLY and JB HUNT TRANSPORT INC., <br><br>                    Defendants. | CIVIL ACTION NO. |

## NOTICE OF REMOVAL

Defendants, Edison Verly and J.B. Hunt Transport Inc. ("defendants"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby remove docket No. 506969/2022 from the Supreme Court of the State of New York, County of Kings to the United States District Court for the Eastern District of New York and, as grounds for their removal, state as follows:

1. This civil action was commenced by plaintiff on March 9, 2022 by the filing of a Complaint by plaintiff, Dennis Holm against defendants, Edison Verly and J.B. Hunt Transport Inc. in the Supreme Court of New York, Kings County. A copy of the Complaint is attached hereto as Exhibit A.

2. Defendant, J.B. Hunt Transport Inc. was served with the Complaint via its registered agent in New York in accordance with New York Business Corporation Law 306 on or about March 25, 2022. See Affidavit of Service attached hereto as Exhibit B.

3. Service of the Complaint has not yet been effectuated upon defendant, Edison Verly pursuant to New York Vehicle and Traffic Law 253, as plaintiff has not yet filed the appropriate affidavit as proof of service upon Edison Verly in accordance with Rule 253.

4. In that defendant all defendants have not yet been served, this notice of removal is therefore timely under 28 U.S.C. § 1446(b).

5. This Notice of Removal is being filed within one (1) year of the date of commencement of the action for removal purposes.

6. This Court has original jurisdiction over the subject matter of plaintiff's Complaint under 28 U.S.C. § 1332 because the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between defendants and plaintiff.

## Diversity

7. Defendants deny the allegations in the Complaint and deny that plaintiff has stated a claim for which relief may be granted. Nevertheless, assuming for jurisdictional purposes only that plaintiff's claims are valid, he could have originally filed the Complaint in this Court under diversity jurisdiction.

8. Diversity jurisdiction exists in this matter under 28 U.S.C. § 1332(a)(1), which provides that the district court has original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

9. Plaintiff, Dennis Holm is a citizen of the State of New York. See Summons attached to Exhibit A.

10. Defendant, Edison Verly is a citizen of the State of New Jersey. See Summons attached to Exhibit A.

11. Defendant, J.B. Hunt Transport Inc. is a citizen of the State of Arkansas. See Summons attached to Exhibit A.

12. Because defendants and plaintiff are citizens of different states, complete diversity of citizenship exists under 28 U.S.C. § 1332.

## Jurisdictional Amount

13. "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014).

14. The claims alleged in the Complaint arise out of plaintiff's underlying personal injury claim stemming from a motor vehicle accident that occurred on April 1, 2019.

15. According to the Complaint, defendants' truck struck plaintiff's vehicle while both were traveling on I-278 Southbound Gowanus Expressway in Kings County, New York.

16. According to the Complaint, plaintiff was "seriously injured" as a result of this collision.

17. Plaintiff's Complaint states that he sustained a serious injury and/or economic losses "as defined in §5102(d) of the Insurance Law of the State of New York."

18. Section 5102(d) of the Insurance Law of the State of New York defines a "serious injury" as "a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than

ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment."

19. Although defendants do not concede liability as to plaintiff's claims, accepting plaintiff's allegations as true, the case satisfies the amount in controversy requirement for removal. The allegations in the Complaint indicate that plaintiff's injuries are serious enough to reasonably conclude that the amount in controversy exceeds $75,000.

20. The matter in controversy therefore exceeds $75,000, exclusive of interest and costs, as is necessary for the Court to exercise diversity jurisdiction. See 28 U.S.C. § 1332(a).

## Venue

21. The defendants all join in this removal, as required by 28 U.S.C. § 1446(b)(2)(A).

22. Concurrent with the filing of this Notice, defendants will file a Notice of Filing of Notice of Removal with the Supreme Court of the State of New York, County of Kings and will attach a copy of this Notice of Removal thereto. A copy of the Notice of Filing of Notice of Removal, without Exhibit 1, is attached hereto as Exhibit C.

23. Defendants reserve the right to amend this Notice of Removal.

24. If any questions arise as to the propriety of the removal of this action, defendants request the opportunity to brief and argue their position that this case is removable.

WHEREFORE, having met all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including all the jurisdictional requirements of 28 U.S.C. § 1332, defendants, Edison Verly and JB Hunt Transport Inc., hereby remove this action from the Supreme Court of the State of New York, County of Kings to the United States District Court for the Eastern District of New York and seek whatever further relief this Court deems equitable and just.

    Respectfully submitted,

    **WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY, LLP**

By: _____
    James A. Wescoe, Esquire
    Jerry L. Lynch, Esquire
    1500 Broadway, 2401
    New York, NY 10036
    *Attorneys for defendant*
    *Edison Verly and JB Hunt Transport Inc.*

Date:  August 2, 2022

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2022 this Notice of Removal was served upon the following by electronic filing, addressed as follows:

>Gregory S. Lombardi, Esquire
>Georgaklis & Mallas, PLLC
>9118 Fifth Avenue
>Brooklyn, NY  11209
>*Counsel for Plaintiff*

By: _____
James A. Wescoe, Esquire
Jerry L. Lynch, Esquire